UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREGORY KONRATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-03185-WTL-DKL |
| | ) | |
| CLIENT'S FINANCIAL ASSISTANCE FUND OF THE INDIANA STATE BAR ASSOCIATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**Entry on Filing Fee, Dismissing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff shall have **through December 21, 2016**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on November 21, 2016.

**II.**

The plaintiff is a prisoner currently incarcerated at Westville Correctional Facility ("Westville"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against the Client's Financial Assistance Fund of the Indiana State Bar Association.  He alleges that the defendant, which compensates individuals who lose money due to attorney malfeasance, improperly denied his request for compensation.  His claim for compensation was based on his divorce attorney's alleged malpractice from 2008 through 2010 that led to his divorce proceedings occurring in the less favorable jurisdiction of Illinois, rather than Indiana.  The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, and he also alleges that this Court has diversity jurisdiction, presumably because the plaintiff also attempts to bring a state-law tort claim.

The plaintiff's claim brought pursuant to § 1983 must be **dismissed** for two independent reasons.  First, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with

the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). Because the Indiana State Bar Association is not a governmental entity or otherwise acting with the authority of the state, the plaintiff has failed to state a claim under § 1983.

Second, as noted above, to state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States. His allegations regarding the denial of compensation from the defendant do not state a violation of a federal right, thus for this additional reasons the plaintiff has failed to state a § 1983 claim.

To the extent the plaintiff attempts to assert a state-law tort claim, such a claim must also be dismissed. To state a negligence claim, the plaintiff must demonstrate "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, --- N.E.3d ----, 2016 WL 6573824, *2 (Ind. 2016) (citation and quotation marks omitted). Whether there is a legal duty owed is a legal question, and the plaintiff's allegations do not support his claim that the defendant owed him any legal duty to compensate him for the actions of his divorce attorney. Accordingly, any state-law tort claim is **dismissed**.

### III.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through December 21, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

Given the dismissal of the plaintiff's complaint for the foregoing reasons, there is no basis to grant the plaintiff's motion for summary judgment, request to freeze the defendant's assets, or compel discovery. Accordingly, those motions [dkts. 2, 4, 5] are **denied**.

**IT IS SO ORDERED.**

Date: 11/28/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GREGORY KONRATH
254068
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391